(91 South. 71)

No. 23976.

## HALL v. SHREVEPORT RYS. CO.

(Feb. 27, 1922.)

*(Syllabus by the Court.)*

1. **Questions of fact.**

   Involves only issues of fact.

*(Additional Syllabus by Editorial Staff.)*

2. **Street railroads  ⊛ 114(21)—Evidence held to show contributory negligence causing collision.**

   Evidence *held* to show automobile driver's negligence caused collision.

Appeal from First Judicial District Court. Parish of Caddo; J. R. Land, Judge.

Action by John O. Hall against the Shreveport Railways Company. Judgment for the defendant, and plaintiff appeals. Affirmed.

Huey P. Long, of Shreveport, for appellant.

Wise, Randolph, Rendall & Freyer, of Shreveport, for appellee.

By ST. PAUL, Judge of Division C, sitting in Division B. LAND, J., of Division B, being recused.

ST. PAUL, J. [1] This case involves only a single question of fact: Was there any negligence on the part of defendant?

[2] Plaintiff was injured in a collision between a street car operated by the defendant and an automobile belonging to and driven by a friend of the plaintiff, in which plaintiff was riding at the time.

Plaintiff and the driver of the automobile testify that they were proceeding at a speed of 8 or 10 miles, and had reached the intersection of the street on which the track lay; that because of their view being obstructed by the building at the corner they did not see the car until they passed beyond the property line; that as they reached this point they saw the car coming down upon them at a speed of 25 or 30 miles an hour,

having previously sounded no warning gong; that they attempted at once to turn aside, but were unable to do so completely before reaching the track; and were run into.

There is not the slightest suggestion in their evidence that the driver stopped, or looked or listened; nor explanation whatever why the automobile going at that slow speed could not be stopped in the distance between the property line and the track, some 30 feet.

Browne, a witness for plaintiff, saw the car and auto just as they came together; the speed of the auto was from 8 to 10 miles, that of the car 20 or 25 miles. (Jacobs, defendant's inspector, says this witness had made a statement to him that both car and auto were traveling at the rate of 10 or 12 miles.) The car sounded no gong.

Wells, a witness summoned by defendant, but placed on the stand by plaintiff, fixes the speed of the car at about 18 miles; the car may have sounded a gong, but he did not hear it. Does not fix the speed of the auto.

On behalf of the defendant the conductor testifies that the car was proceeding at a moderate speed, sounding the gong; he did not see the auto until it struck the car.

The motorman testifies that the power was off and the car under control, not making more than 8 miles; that he was sounding the gong; that from the time he saw the auto until the collision the auto traveled twice the distance traveled by the car; that the car did not strike the automobile, but *was struck by it* about 10 feet behind the bumper.

A number of passengers corroborate the testimony of these two as to the speed of the car; several of them heard the gong sound and saw the automobile come up rapidly and *run into* the car. One of them *jumped from her seat* when she saw the auto about to run into the car.

The physical marks upon the car showed that the auto had run into it; and it is admitted that the automobile was *not* wrecked, and that the car *was thrown from the track.*

And finally the trial judge, who saw and heard the witnesses, filed written reasons for judgment in which he found that the facts were entirely with the defendant; that the collision occurred solely through the negligence and recklessness of the driver of the automobile. We think that finding correct.

### Decree.

The judgment appealed from is therefore affirmed.

LAND, J., recused.